**UNITED STATES of America,
Appellee,**

v.

**Mamadou CAMARA, Defendant–
Appellant.**

**No. 00–1697.**

United States Court of Appeals,
Second Circuit.

April 10, 2001.

Steven M. Statsinger, Legal Aid Soc'y, Fed. Def. Div.App. Bur., N.Y., NY, for appellant.

Ioana Petrou, U.S. Att'y, EDNY, Brooklyn, NY, for appellee.

Present OAKES, KEARSE, and CABRANES, Circuit Judges.

*SUMARRY ORDER*

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Mamadou Camara appeals from a judgment of the United States District Court for the Eastern District of New York following a jury trial before John Gleeson, *Judge,* convicting him on one count of unlawful possession of false identification documents, in violation of 18 U.S.C. § 1028(a)(3), and sentencing him principally to 15 months' imprisonment, to be followed by a one-year term of supervised release. On appeal, Camara argues that he is entitled to a new trial because the district court failed to instruct the jury that it was required to make a finding as to the venue in which Camara's offense took place. Finding no merit in his contention, we affirm.

 Camara having failed to request an instruction on the question of venue, his present contention is reviewable only for plain error. *See, e.g.,* Fed.R.Crim.P. 30, 52(b). A plain error is one that prejudicially affected the defendant's "substantial rights" and "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotation marks omitted). We see no such effect here. Venue is appropriate in any district where a defendant committed the charged offense. *See, e.g.,* Fed.R.Crim.P. 18. The government's proof in the present case included evidence that the false identification documents were received by Camara at his home in the Eastern District of New York, and that additional false identification documents were found in that residence. Indeed, Camara concedes that had there been a finding by either the court or the jury that his offense was committed in the Eastern District of New York, he would have no basis for challenging that finding. Accordingly, we see no plain error in the failure to instruct.

We have considered all of Camara's contentions in support of a new trial and have found them to be meritless. The judgment of the district court is affirmed.